FILED
United States Court of Appeals
Tenth Circuit

July 18, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JOHNNIE ROGERS,

        Plaintiff-Appellant,

v.

FEDERAL EXPRESS
CORPORATION, Originally sued
as Fedex Express,

        Defendant-Appellee.

No. 07-5176
(D.C. No. 4:06-CV-00313-CVE-PJC)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **EBEL**, and **O'BRIEN**, Circuit Judges.

---

Johnnie Rogers appeals from the district court's decision granting summary

judgment in favor of Federal Express Corporation (FedEx) on his claims for

religious discrimination under Title VII of the Civil Rights Act of 1964 and racial

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

discrimination under Title VII and 42 U.S.C. § 1981. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

Background

Johnnie Rogers is African-American and a member of the RHEMA church. He began working as a courier for FedEx in 1994. He was promoted to an operations manager in 2000. In January 2005, he was terminated by his senior manager, Dennis Schrieber, pursuant to FedEx's disciplinary policy after he received three performance reminders in a twelve-month period. Mr. Rogers contested his termination through FedEx's Guaranteed Fair Treatment Procedure (GFTP). At the first level of GFTP review, the managing director for the Dallas Metro District found "extensive documentation of [Mr. Rogers's] problems with failure to provide customer service" and he noted that Mr. Rogers failed to correct his performance deficiencies after numerous warnings. *See* Aplee. Supp. App. at 279. After three levels of GFTP review, the decision to terminate Mr. Rogers's employment was upheld. During the GFTP process, Mr. Rogers did not allege that Mr. Schrieber terminated him for any discriminatory reasons.

On August 2, 2005, Mr. Rogers filed a charge with the Oklahoma Human Rights Commission alleging that FedEx terminated his employment based on racial and religious discrimination. The charge was investigated by the Equal Employment Opportunity Commission (EEOC) and the charge was ultimately dismissed. In the EEOC's preliminary decision letter, the investigator stated that

-2-

the evidence showed that Mr. Rogers was terminated as a "result of [Mr. Rogers] not performing [his] job to [FedEx's] expectations . . . after counseling to improve [Mr. Rogers's] performance failed." *Id*. at 290. Mr. Rogers then filed a complaint against FedEx in federal district court.

The district court concluded that FedEx had articulated a legitimate, non-discriminatory reason for terminating Mr. Rogers's employment, and that Mr. Rogers had failed to show that FedEx's reason was a pretext for discrimination. The district court noted that the evidence showed that Mr. Rogers was "repeatedly disciplined by all of his senior managers throughout his employment at FedEx, and that he had come close to receiving three deficiencies in 12 months at least once before prior to his termination on January 28, 2005." Aplt. App. at 152. The district court also determined that Mr. Rogers had not demonstrated that similarly situated employees outside of his protected class were treated differently.

Discussion

We review de novo the district court's ruling granting summary judgment in favor of FedEx. *See Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999). Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id*.

On appeal, Mr. Rogers argues that: (1) the district court erred in ruling that he had not shown that his co-workers, Michael Coon and Jeff Weiszbrod, were similarly situated or engaged in conduct of comparable seriousness;[1] and (2) the district court erred in ruling that the employment history of Dennis Schrieber was irrelevant.

We agree with Mr. Rogers that the district court made a factual error when it was analyzing whether Mr. Rogers and Mr. Coon were similarly situated, but we conclude that the error was not material. Mr. Rogers argued in response to summary judgment that Mr. Coon committed a violation of comparable seriousness but that he was not disciplined as harshly as Mr. Rogers. The district court determined that:

> The conduct described in Coon's December 8, 2004 documented counseling is distinguishable from the performance reminder [Mr. Rogers] received on February 27, 2004, because the employee's motor vehicle record on file with FedEx did not actually show Coon that the employee's license had been suspended. In contrast, [Mr. Rogers] could have found the necessary information in FedEx's PRISM system when deciding how to discipline [his employee]. Schreiber's decision to issue a documented counseling to Coon on December 8, 2004 does not show that he treated [Mr. Rogers] more harshly than Coon, because FedEx has shown that the incidents are distinguishable.

Aplt. App. at 148-49.

---

[1]     In response to summary judgment, Mr. Rogers had initially asserted that he was disciplined more harshly than five similarly situated non-African-American employees: Michael Beckmann, Jeff Weiszbrod, Tracie Darnell, Rick Gonzalez, and Michael Coon. On appeal, he challenges only the district court's ruling with respect to Mr. Coon and Mr. Weiszbrod.

The district court's description of Mr. Coon's documented counseling is not supported by the record because in September 2002 when Mr. Coon was reviewing the motor vehicle record it did show that the employee's license had been suspended. *Id*. at 223. But Mr. Coon was given a lesser discipline because Mr. Schreiber was issuing the documented counseling in December 2004 and the employee's motor vehicle record had not shown any suspensions since the September 2002 date. *Id*. Mr. Rogers's performance reminder was issued in February 2004, six months after he failed to review his employee's file in August 2003 and discover that the employee was eligible for termination. *Id*. at 207. In contrast, Mr. Schrieber was issuing discipline to Mr. Coon in December 2004 for conduct that occurred more than two years earlier in September 2002.[2] We therefore agree with the district court's conclusion that the incidents are distinguishable.

Having reviewed the briefs, the record, and the relevant legal authority, we conclude that the district court correctly decided this case because Mr. Rogers did not present sufficient evidence from which a jury could conclude that the reason for his termination was pretextual. Accordingly, for substantially the same

---

[2]     We note that Mr. Schrieber did not become Mr. Coon's and Mr. Rogers's senior manager until 2003.

reasons stated by the district court in its Opinion and Order dated November 9, 2007, we AFFIRM the judgment of the district court.

Entered for the Court


David M. Ebel
Circuit Judge